2026 IL App (1st) 260693-U

No. 1-26-0693B

Filed July 10, 2026

Third Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 26 CR 2434 |
| | ) | |
| ROEGASTON LEE, | ) | Honorable |
| | ) | Shauna Boliker and |
| Defendant-Appellant. | ) | William G. Gamboney, |
| | ) | Judges, Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Denial of pretrial release affirmed when defendant with prior attempted murder conviction allegedly possessed concealed handgun.

¶ 2     Roegaston Lee was charged with one count of unlawful possession of a weapon by a felon (UPWF) and two counts of aggravated unlawful use of a weapon (AUUW)—one count premised on possessing a firearm without a concealed carry license (CCL) and the other on possessing a firearm without being issued a Firearm Owner's Identification (FOID) Card. Lee was ordered detained following a hearing on the State's petition for pretrial detention, pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2024)), as

amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act.[1] Lee subsequently filed a motion for relief, which the circuit court denied. Lee appealed pursuant to Illinois Supreme Court Rule 604(h) (eff. April 15, 2024). We affirm.

¶ 3        The charges stem from a traffic stop that occurred in the early evening on February 9, 2026, on South Karlov Avenue in Chicago. Police officers in an unmarked vehicle responded to a report of shots fired near the 1200 block of South Karlov. Upon arrival, the officers observed a parked vehicle three blocks away with its headlights illuminated. (It is disputed whether this violated a municipal ordinance.) The officers approached the vehicle and discovered three occupants. Lee was seated in the front passenger seat. Lee appeared to awkwardly fasten his seatbelt, using only his left hand while holding his right arm against his body. The other occupants admitted they possessed cannabis and showed the officers a small plastic bag that appeared to contain cannabis. The officers ordered the occupants out of the vehicle. Lee continued to hold his right arm against his body as he moved. During a search of his person, an officer recovered a 9-millimeter semiautomatic handgun between Lee's right arm and body. The handgun was loaded, but no round was in the chamber. Lee did not possess a FOID Card or CCL. He was placed under arrest.

¶ 4        The State filed a verified petition for pretrial detention pursuant to section 110-6.1 of the Code of Criminal Procedure (725 ILCS 5/110-6.1 (West 2024)). The State alleged that Lee poses a real and present threat to public safety and no conditions or combinations of conditions could mitigate the threat.

---

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1. *Raoul* lifted the stay of pretrial release provisions and set an effective date of September 18, 2023. *Id.* ¶ 52; Pub. Act 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023).

¶ 5    The parties appeared for a hearing on the petition on February 10, 2026, in the Pretrial Division of the First Municipal District. By way of proffer, the State recounted the events leading to Lee's arrest and reported his previous attempted murder conviction. The State argued, "[T]here is no benign purpose for any convicted felon to be in possession of a firearm," and "The defendant in possessing this firearm as a convicted felon is inherently dangerous and does pose a real and present threat to the entire community." No conditions could mitigate the threat, the State contended, since no condition—such as home confinement or electronic monitoring—could "prevent the defendant's movements or prevent the defendant from having the opportunity to procure another illegal firearm." Thus, the State requested the court grant its petition for pretrial detention.

¶ 6    Lee was previously convicted of attempted murder and sentenced to a 15-year prison term for his role in a 2010 shooting. See *People v. Lee*, 2014 IL App (1st) 120217-U (unpublished order under Illinois Supreme Court Rule 23).[2] He was released from incarceration in 2022 and was discharged from mandatory supervised release (MSR) in October 2025.

¶ 7    An individual from Pretrial Services informed the court that Lee was assessed at three for new criminal activity and two for failure to appear.[3] The Public Safety Assessment compiled by Pretrial Services recommended that Lee be released with monitoring.

¶ 8    Lee's counsel informed the court that Lee is age 33, maintains full time employment, and resides with his girlfriend and her two children. He is the family's primary financial support and cares for his elderly mother. Several of his relatives were present.

---

[2]Lee was also convicted of AUUW, but the conviction was vacated as unconstitutional pursuant to *People v. Aguilar*, 2013 IL 112116. *Lee*, 2014 IL App (1st) 120217-U, ¶ 55.
[3]Both metrics use a six-point rating scale, with one indicating the lowest risk level and six the highest.

¶ 9    Counsel argued that the State had failed to meet its burden on each of the three elements required to detain Lee. See 725 ILCS 5/110-6.1(e)(1)-(3) (West 2024). As to whether Lee had committed a detainable offense, counsel argued that the gun recovered from Lee would likely be suppressed in later proceedings, as the vehicle stop was unlawful.

¶ 10    As to whether Lee posed a real and present threat to the community, counsel noted there were no allegations of violence, no one was injured, and there was no connection to the report of shots fired. Counsel also noted there was no round in the handgun's chamber. While acknowledging Lee's prior conviction was for a serious offense, counsel pointed out that it occurred when Lee was aged 18, he had served his sentence, and he had no other arrests since his release. Counsel further pointed to Lee's employment and familial responsibilities as factors weighing against finding him dangerous.

¶ 11    Finally, counsel suggested suitable conditions could be imposed, including electronic monitoring, a curfew, or home confinement. Counsel argued Lee would comply with such conditions and noted Lee had complied with his obligation to annually register as a violent offender since his release from prison.

¶ 12    After recounting the evidence proffered, the court found the State had met its burden to show by clear and convincing evidence that Lee committed the offense of UPWF. The court also found that Lee poses a real and present threat to the community, since he possessed a weapon shortly after completing a lengthy prison sentence and MSR for a serious felony. The court noted that Lee had been informed on multiple occasions that he was prohibited from possessing a firearm. Lastly, the court found no conditions could mitigate the threat, as Lee's background should have served as a deterrent to possessing a firearm. Thus, the court granted the State's petition to detain Lee. The court entered a written order consistent with its findings.

¶ 13        Lee was subsequently indicted. After this matter was transferred to the Criminal Division, Lee filed a motion for relief from pretrial detention. His motion recounted the evidence proffered by the State at his original detention hearing. Under the heading "Argument," Lee asserted the State had failed to meet its burden on the first element—commission of a detainable offense—due to an unlawful traffic stop and search. The remainder of the motion repeated points his counsel raised in the original proceeding and concluded that conditions could be imposed to mitigate any threat Lee poses. Ultimately, Lee requested that he be released under conditions the court deemed appropriate.

¶ 14        At a hearing on the motion, Lee's counsel reported that he had viewed officer body-worn camera (BWC) footage of the traffic stop. Counsel proceeded to describe the stop and commented that the officers prolonged the stop after being disabused that a municipal code violation had occurred. Counsel went on to repeat the facts about Lee's employment, familial obligations, and background. The State argued that the firearm was lawfully recovered from Lee's person and he should remain detained. The court observed that Lee was in actual, rather than constructive, possession of the firearm and he was aware that he was prohibited from possessing a firearm. Ultimately, the court found that the State had met its burden on each element to detain Lee.

¶ 15        Lee filed a timely notice of appeal. He subsequently filed a memorandum in accordance with Illinois Supreme Court Rule 604(h)(7) (eff. April 15, 2024). The State filed a responsive memorandum.

¶ 16        Every person charged with an offense is presumed eligible for pretrial release. 725 ILCS 5/110-2(a), 6.1(e) (West 2024). When seeking denial of pretrial release, the State bears the burden of proving by clear and convincing evidence that (1) the proof is evident or presumption great that the defendant committed a detainable offense; (2) the defendant poses a real and present threat to

the safety of any person, persons, or the community, based on the specific, articulable facts of the case; and (3)

> "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate (i) the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, for offenses listed in paragraphs (1) through (7) of subsection (a), or (ii) the defendant's willful flight for offenses listed in paragraph (8) of subsection (a)." *Id.* § 110-6.1(e)(1)-(3).

When, as here, the parties proceeded solely by proffer, our review of the trial court's decision to grant or deny pretrial release is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54. *De novo* means we review the matter anew—as if the petition had not been heard before and as if no decision had been rendered. *Blagden v. McMillin*, 2023 IL App (4th) 220238, ¶ 40. We perform the same analysis that a trial judge would perform and may affirm on any basis appearing in the record, regardless of whether the trial court relied on that basis or whether the trial court's reasoning was correct. *Khan v. Fur Keeps Animal Rescue, Inc.*, 2021 IL App (1st) 182694, ¶ 25.

¶ 17       On appeal, Lee argues the State failed to meet its burden as to each element. Lee contends he was unlawfully seized and searched, as he and his companions had just entered their vehicle and were preparing to depart when stopped. He asserts that this did not constitute a violation of the municipal ordinance cited, which requires "[a]ny lighted head lamps upon a parked vehicle shall be depressed or dimmed." Chicago Municipal Code, § 9-76-090. Since the municipal code's definition of "parked" contemplates an unoccupied vehicle, Lee urges, the ordinance was not violated. See *id*. § 9-4-010. Lee further argues that, even if the officers were reasonably mistaken, they prolonged the stop and conducted an illegal search.

¶ 18    A court may consider whether evidence was obtained unlawfully when weighing evidence in a pretrial detention decision. 725 ILCS 5/110-6.1(f)(6) (West 2024)). Thus, we acknowledge Lee will likely seek to suppress the firearm in pretrial litigation.  However, we find it inappropriate to express any opinion on the lawfulness of the seizure and search. As the question presents in this case, our analysis would amount to a premature decision on whether evidence should be suppressed. The parties have not presented evidence on the issue, and the trial court has not assessed it. Since it is undisputed that Lee was in actual possession of a handgun following his prior conviction for attempted murder, the State has shown by clear and convincing evidence that the proof is evident Lee committed the offenses of UPWF and AUUW.

¶ 19    As to whether Lee poses a real and present safety threat or whether conditions could mitigate such a threat, we consider the questions together. "[D]angerousness and conditions of release are two sides of the same coin; the nature and severity of the threat necessarily determine the nature and severity of the conditions that could—or could not—mitigate the threat." *People v. Romine*, 2024 IL App (4th) 240321, ¶ 16.

¶ 20    Indeed, Lee relies on the same factors and advances similar arguments on both points. He notes that no person was harmed in the incident leading to his arrest and it involved no violent act. Lee asserts that his employment, housing situation, and familial relationships demonstrate a level of stability consistent with a low risk of criminal activity and conducive to compliance with conditions that could be imposed. He points out that since his release from prison, he completed MSR without any violations. And he has complied with his obligation to register as a violent offender for four years. These factors, Lee submits, weigh against finding him dangerous or that no conditions could mitigate a threat. He further contends that the State's petition relies on

elements of the offense charged—a prior felony conviction and firearm possession. Lee argues the State must present evidence beyond elements of the offense charged to meet its burden.

¶ 21    The State's proffer did not merely recite the elements of the charged offenses. It presented the unique and specific nature and circumstances of how the offense was allegedly committed, as well as Lee's criminal history. It is well established that these are the proper considerations the State may present to enable courts to determine whether pretrial release is appropriate. *People v. Mikolaitis*, 2024 IL 130693, ¶ 20; *Romine*, 2024 IL App (4th) 240321, ¶ 17 ("The full picture of the underlying events *** may be relevant to the trial court's detention decision.").

¶ 22    A firearm like the semiautomatic handgun found in Lee's possession is inherently dangerous. Moreover, the handgun was concealed on Lee's person, while on a public street in a vehicle. It was immediately accessible and, though no round was in the chamber, it was loaded with a magazine. Only a simple motion was needed to chamber a round. The handgun could be fired within a moment. In short, the proffered evidence shows Lee knowingly possessed a concealed, readily accessible, and useable handgun in public in a mobile vehicle. These circumstances demonstrate a threat to public safety and differ qualitatively from, for example, a constructively possessed firearm in an uneasily accessible location.

¶ 23    Furthermore, the nature of Lee's prior conviction is significant. He does not merely have the status of a felon. He was convicted of two attempted murders and the facts underlying his conviction involved firearm violence. See *Lee*, 2014 IL App (1st) 120217-U, ¶¶ 3-17. In addition, the law imposes a restriction on felons after being released from prison prohibiting them from firearm possession. While the restriction defines an offense, it is also akin to a condition the court could impose during pretrial release. Thus, Lee's knowing possession of a handgun after

completing a substantial prison sentence and term of MSR indicates that conditions are inadequate to mitigate the threat he poses to public safety.

¶ 24 For these reasons, we find the State has shown by clear and convincing evidence that Lee poses a real and present threat to public safety based on the specific, articulable facts of the case and no condition or combination of conditions can mitigate the threat. Our conclusion is consistent with comparable decisions of this court. See, *e.g.*, *People v. Lee*, 2024 IL App (1st) 232137, ¶ 33 (where the defendant was on parole from a gun case and failed to comply with the conditions placed upon him, this "demonstrated history of refusing to abide by conditions of release" satisfied the State's burden of showing no less restrictive conditions were appropriate and the trial court did not err in so finding); *People v. Davis*, 2023 IL App (1st) 231856, ¶¶ 31-32 (State satisfied burden of showing that no less restrictive conditions were appropriate where the defendant's history, including a prior conviction of escape from law enforcement, demonstrated an unwillingness to follow rules and the unlikelihood that he would follow the court's order, rendering futile a release with conditions).

¶ 25 Based on the foregoing, we affirm the judgment of the circuit court granting the State's petition for denial of pretrial release.

¶ 26 Affirmed.